CT Corporation

**Service of Process Transmittal**
04/21/2017
CT Log Number 531094315

| | |
|---|---|
| **TO:** | Robin Crawford<br>The Gap, Inc.<br>2 Folsom St Dept Law<br>San Francisco, CA 94105-1205 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Old Navy, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CYNTHIA UNDER, Pltf. vs. Old Navy, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Cover Sheet , Complaint |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2017009470CA01 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - November 23, 2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/21/2017 at 15:45 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Benson Chiedozie Okafor<br>Benson Chiedozie Okafor, P.A.,<br>8950 S.W. 74th Court, Suite 220 1/A-82<br>Miami, FL 33156<br>786-363-0115 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/21/2017, Expected Purge Date: 04/26/2017<br><br>Image SOP<br><br>Email Notification,  Robin Crawford  Robin_Crawford@gap.com<br><br>Email Notification,  Edith Granillo- Fahey  Edith_Granillo-Fahey@gap.com<br><br>Email Notification,  Sean Mulchrone  Sean_Mulchrone@Gap.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT

tabbies®

"A"

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL  ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2017-009470<br>CA-01 |
|---|---|---|
| PLAINTIFF(S)<br>CYNTHIA<br>LINDER | VS.  DEFENDANT(S)<br>OLD NAVY, LLC. | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s): OLD NAVY, LLC
C/O CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
Suite 250, PLANTATION, FL 33324

UN #850
04-21-2017
3:45 PM

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: BENSON CHIEDOZIE OKAFOR, Esq.

whose address is: 8950 SW 74 Court
Suite 2201/A-82
Miami, FL 33156

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | | DATE<br>APR 2 1 2017 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314  Rev. 02/16                                     Clerk's web address: www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☐ CIVIL ☐ OTHER ☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2017-009470 CA-01 |
|---|---|---|

| PLAINTIFF(S) CYNTHIA LINDER | VS.  DEFENDANT(S) OLD NAVY, LLC. | SERVICE |
|---|---|---|

CLOCK IN

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): OLD NAVY, LLC

C/O CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
Suite 250, PLANTATION, FL. 33324

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: BENSON CHIEDOZIE OKAFOR, Esq.

whose address is: 8950 SW 74 COURT
Suite 2201/A-82
MIAMI, FL. 33156

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK of COURTS | STEPHANIE CASSEUS DEPUTY CLERK | DATE APR 2 1 2017 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314  Rev. 02/16                    Clerk's web address: www.miami-dadeclerk.com

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

**I.     CASE STYLE**

(Name of Court)

Plaintiff   CYNTHIA
LINDER

Case #: _____

Judge:  _____

vs.

Defendant   OLD NAVY, LLC

**II.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☒ Premises liability—commercial
   ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 - $50,000
☐ Homestead residential foreclosure $50,001 - $249,999
☐ Homestead residential foreclosure $250,000 or more
☐ Nonhomestead residential foreclosure
   $0 - $50,000
☐ Nonhomestead residential foreclosure
   $50,001 - $249,999
☐ Nonhomestead residential foreclosure
   $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
   ☐ Malpractice—business
   ☐ Malpractice—medical
   ☐ Malpractice—other professional
☐ Other
   ☐ Antitrust/Trade regulation
   ☐ Business transactions
   ☐ Constitutional challenge—statute or ordinance

☐ Constitutional challenge—proposed amendment
☐ Corporate trusts
☐ Discrimination—employment or other
☐ Insurance claims
☐ Intellectual property

☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

III.    **REMEDIES SOUGHT** (check all that apply):
☒ monetary;
☐ nonmonetary declaratory or injunctive relief;
☐ punitive

IV.    **NUMBER OF CAUSES OF ACTION:** [ ]
(specify)_____

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.
_____
_____
_____

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no
_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Fla. Bar # 96084
          Attorney or party                        (Bar # if attorney)

BENSON C. OKAFOR, ESQ.                 04-18-17
(type or print name)                        Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CYNTHIA  LINDER,                                          Civil Division
      Plaintiff,                                            Case No.:
v.

OLD NAVY, LLC
      Defendant(s),
_____ /

**COMES NOW**, Plaintiff, Cynthia Linder, and hereby sues Old Navy, LLC, and for her cause of
action alleges as follows:

1. This is a civil action for negligence, along with damages which exceed $15,000.00;

2. At all times material hereto, Cynthia Linder (hereinafter "Plaintiff") was and is a resident of
Broward County, Florida;

3. At all times material hereto, Old Navy, LLC (hereinafter "Defendant") was and is a Florida
Corporation organized and existing under the laws of the State of Florida and  conducts  its
business as Old Navy Store, located at 3885 NE 160 Street, Miami, Florida 33160;

4. Venue of this action is properly laid in the Circuit Court of the Eleventh Judicial Circuit, in
and for Miami-Dade County because the cause of action alleged in this Complaint accrued in
Miami-Dade County;

5. That all conditions precedent to this action have been performed, have occurred or have been
waived.


### COUNT 1

### NEGLIGENCE OF DEFENDANT, OLD NAVY, LLC

6. Plaintiff re-alleges the allegations in Paragraphs one(1) through Five(5) of this Complaint
and incorporates them herein.

7. That on or about November 23, 2016, Plaintiff was a business invitee at the Old Navy Store located at 3885 NE 160 Street, Miami, Florida 33160, operated by Defendant. While lawfully in the premises, she got shot on her left temple with an air-powered gun by someone in the premises.

8. At all times material, Defendant owed a duty to the public, including Plaintiff, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for the use of the public. In particular, Defendant had a duty to take such precautions as were necessary to protect its invitees including Plaintiff from injuries of the sort that Plaintiff suffered.

9. The Defendant knew, or in the exercise of reasonable care should have known that no individual, including the Plaintiff, had it within their own power to take measures necessary to provide for their own security on the premises.

10. The Defendant was negligent and breached its duty of reasonable care for the safety and protection of the Plaintiff in all or more of the following ways:

(a) By failing to provide adequate security for the invitees of the business, including Plaintiff.

(b) By failing to employ efficient Security Personnel who would have detected or observed that someone entered the store with an air-powered gun which eventually was used to injure Plaintiff.

(c) By failing to police, patrol, guard, deter and otherwise provide adequate security for patrons of the business.

11. As a direct and proximate result of the above described negligence, Plaintiff sustained severe physical injuries, mental pain and suffering, psychological injuries and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff, Cynthia Linder, will continue to suffer same in the future.

**WHEREFORE**, Plaintiff, Cynthia Linder, demands judgment for damages against Defendant, Old Navy, LLC, in an amount exceeding Fifteen Thousand Dollars ($15,000.00) together with the costs of this action.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 18<sup>th.</sup> day of April, 2017.

Respectfully submitted,

BENSON CHIEDOZIE OKAFOR, P.A.
8950 S.W. 74<sup>th.</sup> Court, Suite 2201/A-82
Miami, Florida 33156
(786)363-0115, (305) 338-1076, Fax: (786) 592-1189
bensochi@aol.com

By: *Benson Chiedozie Okafor*
    Benson Chiedozie Okafor, Esq.
    Florida Bar Number: 96084

Filing # 56336017 E-Filed 05/11/2017 05:18:26 PM

84918-7

IN THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CYNTHIA LINDER,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                    CASE NO. 2017-009470-CA-01

vs.

OLD NAVY, LLC,

     Defendant.

_____/

### DEFENDANT OLD NAVY, LLC'S MOTION TO DISMISS

     Defendant, OLD NAVY, LLC (hereinafter referred to as "OLD NAVY"), by and through the undersigned counsel, and pursuant to Florida Rule of Civil Procedure, 1.140(b), hereby moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted as to OLD NAVY and in support thereof OLD NAVY states as follows:

### INTRODUCTION

     Plaintiff filed a 1 count Complaint alleging that on or about November 23, 2016 Plaintiff was shot by an "air-powered gun" by "someone" while on the Defendant's premises. Plaintiff maintains that the Defendant had a duty to take precautions to protect its invitees from this type of event. However, a review of Florida law indicates that the Defendant had no such duty and as such Plaintiff's Complaint fails as a matter of law.

### ARGUMENT

**A.**    **Legal Standard**

     Florida law is well settled that "the function of a motion to dismiss a complaint is to raise a question of law as to the sufficiency of the facts alleged to state a cause of

CASE NO. 2017-009470-CA-01

action." *Hitt v. North Broward Hosp. Dist.,* 387 So. 2d 482, 483 (Fla. 4th DCA 1980). "The motion admits as true all well-pleaded facts as well as all reasonable inferences arising from those facts." *Id.* "Only matters well pleaded are so admitted," however. *American Can Co. v. City of Tampa,* 14 So. 2d 203, 208 (Fla. 1943). "Allegations of legal conclusions are not admitted by a motion to dismiss." *Id.; see also Boyd v. Walker,* 251 So. 2d 332, 336 (Fla. 3d DCA 1971) ("legal conclusions are not deemed admitted on a motion to dismiss, and the ultimate facts upon which the legal conclusion rests must be expressed"). "The allegations must be construed in the light most favorable to plaintiffs and the trial court must not speculate what the true facts may be or what will be proved ultimately in trial of the cause." *Hitt,* 387 So. 2d at 483.

**B.     The Complaint Should be Dismissed Because Plaintiff Fails to Plead the Requisite Factual Allegations to State a Claim upon Which Relief can be Granted.**

A pleading is insufficient if it contains mere legal conclusions as opposed to ultimate facts supporting each element of the cause of action. *Price v. Morgan,* 436 So. 2d 1116, 1121 (Fla. 5th DCA 1983) (*citing Clark v. Boeing Co.,* 395 So. 2d 1226 (Fla. 3d DCA 1981)); *see, e.g., Okeelanta Power Ltd. P'ship v. Florida Power & Light Co.,* 766 So. 2d 264, 267 (Fla. 4th DCA 2000) (stating that the party must plead sufficient facts to establish each element and cannot use terms which are conclusory). "[V]ague and loose pleading will not be permitted. The complaint must show a legal liability by stating the elements of a cause of action and must plead factual matter sufficient to apprise the adversary of what he is called upon to answer so that the court may determine the legal effect of the complaint." *Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC,* 986 So. 2d

- 2 -

1244, 1252 (Fla. 2008). "Where the elements of a cause of action are not pled, they may not be inferred from the context of the allegations." *Myers v. Myers*, 652 So. 2d 1214, 1215-16 (Fla. 5th DCA 1995) (*citing Magner v. Merrill Lynch Realty/MCK, Inc.*, 585 So. 2d 1040, 1043 (Fla. 4th DCA 1991)).

The Complaint fails to include factual allegations critical to a purported negligence case such as that alleged by this Plaintiff. At a minimum, such allegations are necessary to allow OLD NAVY to determine, among other things, precisely what did or did not take place, when, how and why, and in order to respond meaningfully to the Complaint.

**C.    The Defendant Did Not Owe the Plaintiff a Duty to Prevent Third-Party Criminal Conduct; the Danger of Crime and Criminal Assaults is an Open and Obvious Danger for Which There is No Duty to Warn**

The Defendant did not owe the Plaintiff a duty to prevent the criminal conduct of Snoop—a third party. In *Demelus v. King Motor Co. of Fort Lauderdale*, 24 So. 3d 759 (Fla. 4th DCA 2009), the plaintiff brought a negligence action against a car dealership for damages arising out of injuries allegedly sustained when a vehicle that was stolen from the dealership collided with the plaintiff's vehicle. *Id.* at 760. The plaintiff sued the car dealership for negligent security and alleged that the dealership's negligence caused the plaintiff's injury and the plaintiff's injury would have been preventable if the dealership had done more to prevent the theft, such as enacting more stringent security measures. *Id.* at 761, 765. The Court held that **the defendant not have a duty to lessen the risk of the third-party criminal conduct involved**: "[d]uty . . . is not limitless. To impose a duty, it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the

- 3 -

CASE NO. 2017-009470-CA-01

defendant's conduct must *create* or *control* the risk before liability may be imposed." *Id.* at 762-63. The court found, "[b]ecause the risk of being injured in an automobile accident already existed when [the plaintiff] chose to travel on the public roads, the fact that [the defendant] kept its cars secured on its premises ma[de] [the plaintiff's] risk of injury no worse." *Id.* at 765. In other words, the defendant "did not create a risk of third-party criminal conduct." *Id.* Likewise, in the instant case, the Defendant's actions did not heighten the Plaintiff's risk of injury. In other words, the Defendant did not create or control the risk of third-party criminal conduct.

In *Satchwell v. LaQuinta Motor Inns, Inc.,* 532 So. 2d 1348 (Fla. 1st DCA 1988), a motel patron sued the motel for negligence after the patron was beaten and robbed in his room. *Id.* at 1348. The plaintiff alleged that the motel breached its duty to provide lodging which was reasonably safe from foreseeable criminal conduct of third persons by failing to provide adequate security on the premises. *Id.* The First District Court of Appeal reasoned, *inter alia*:

> **We may hypothesize, without significant fear of contradiction, that without adequate security precautions sooner or later a motel guest at almost any motel located near an interstate highway will be subjected to a criminal attack by third persons.**

Id. (emphasis added). The same can be said for the store operated by the Defendant.

In sum, the Defendant did now owe the Plaintiff a duty to prevent the criminal conduct of a third party. Nor did the Defendant have a duty to warn the Plaintiff about the open and obvious dangers of assault. As such, the Plaintiff's claims fail as a matter of

- 4 -

CASE NO. 2017-009470-CA-01

law for failure to establish the first element of negligence: duty. *See, e.g., Cato v. West Florida Hospital, Inc.*, 471 So. 2d 598 (Fla. 1st DCA 1985).

For all the foregoing reasons and based on the above cited authorities, and because the Complaint fails to comply with the applicable Florida Rules and substantive Florida law, and fails to state a claim upon which relief can be granted, an Order should be entered dismissing the Complaint.

WHEREFORE, Defendant, OLD NAVY, LLC, respectfully requests that the Court enter an Order: (1) GRANTING this motion; (2) dismissing Plaintiff's Complaint for failure to state a cause of action, and (3) providing any other relief the Court deems just and proper.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Benson Chiedozie Okafor, Esquire, bensonchi@aol.com; on this 11th day of May, 2017.

/s/ Jacob J. Liro
Jason A Glusman, Esquire
Florida Bar No. 419400
Jacob J. Liro, Esquire
Florida Bar No. 32720
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Old Navy, LLC
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

- 5 -

Filing # 56489706 E-Filed 05/16/2017 12:38:46 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA


CYNTHIA  LINDER,                              CIRCUIT CIVIL DIVISION
          Plaintiff,                         Case No.: 2017-009470-CA-01
v.

OLD NAVY, LLC
          Defendant(s),
_____/


### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff, CYNTHIA LINDER, by and through the undersigned counsel and pursuant to Fla.
R. Civ. P.§1.140, hereby files her response in opposition to the Motion to Dismiss filed by the
Defendant, Old Navy, LLC.; and in furtherance thereof, rely in good faith on the following:

### INTRODUCTION

Defendant, in lieu of an answer to Plaintiff's Complaint, filed a "Motion to Dismiss' Plaintiff's
Complaint for failure to state a claim upon which relief can be granted.

### LEGAL STANDARD

A Motion to Dismiss, filed pursuant to Fla. Civ. P. 1.140 (b) (6), tests the legal sufficiency of
a complaint to state a cause of action and is not intended to determine issues of ultimate fact.

When analyzing a motion to dismiss based on the ground of 'failure to state a cause of action', a
court is limited to a consideration of the four corners of the Plaintiff's Complaint. *Carmuna v.
Mckinley, Ittersagen, Gunderson & Berntsson P.A.*952 So. 2d 1273 (Fla. 2d DCA 2007). In
doing so, the court must accept the Plaintiff's allegations as true and resolve all inferences in the
plaintiff's favor. *Wilson v. News-Press Publ'g Co.,* 738 So. 2d 1000 (Fla. 2d DCA 1999). Also,
in *Hitt v. North Broward Hosp. Dist.,* 387 So. 2d 482, 483 (Fla. 4th. DCA 1980), the Court stated
that in reviewing a motion to dismiss, the Court must construe the allegations of the complaint

"in the light most favorable to plaintiffs and the trial court must not speculate what the true facts may be or what will be proved ultimately in trial of the cause."

## NEGLIGENCE OF DEFENDANT, OLD NAVY, LLC.

Contrary to Defendant's argument, however, Plaintiff's Complaint alleges with sufficient factual matter the ways in which Old Navy, LLC. breached its duty to the Plaintiff by failing to provide her safety from harm in its store including, but not limited to the following:

(a) By failing to provide adequate security for the invitees of the business, including Plaintiff.

(b) By failing to employ efficient Security Personnel who would have detected or observed that someone entered the store with an air-powered gun which eventually was used to injure Plaintiff.

(c) By failing to police, patrol, guard, deter and otherwise provide adequate security for patrons of the business, including Plaintiff.

As a direct and proximate result of the above described negligence, Plaintiff sustained severe physical injuries, mental pain and suffering, psychological injuries and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff, Cynthia Linder, will continue to suffer same in the future.

**WHEREFORE,** Plaintiff respectfully requests this Honorable court to deny Defendant's Motion to Dismiss Plaintiff's Complaint and let this case be tried before a jury, and grant Plaintiff any other relief that the Court deems just and equitable.

Dated this 16th. day of may, 2017.

Respectfully submitted,

/S/ Benson Chiedozie Okafor

BENSON CHIEDOZIE OKAFOR, P.A.
8950 S.W. 74th. Court, Suite 2201/A-82
Miami, Florida 33156
(786)363-0115, (305) 338-1076, Fax: (786) 592-1189
bensochi@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th. day of May, 2017, I electronically filed the foregoing using the Florida Court's E-Filing Portal which will send notice of electronic filing to: **Jason A. Glusman, Esq.** (ftlcrtpeading@wickersmith.com), WICKER SMITH O'HARA MCCOY & FORD, P.A., 515 Las Olas Boulevard, Sun Trust Center, Suite 1400, Ft. Lauderdale, Fl. 33301.

Executed this 16th. day of May, 2017.

Respectfully Submitted

BY: *Benson Chiedozie Okafor*
    Benson Chiedozie Okafor, Esq.
    Florida Bar Number: 96084

Filing # 56892272 E-Filed 05/24/2017 04:40:27 PM

84918-7

IN THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CYNTHIA LINDER,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                   CASE NO. 2017-009470-CA-01

vs.

OLD NAVY, LLC,

     Defendant.
_____/

## REQUEST FOR ADMISSIONS

     Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, OLD NAVY, LLC, requests the

Plaintiff, CYNTHIA LINDER, to admit or deny each of the following:

     1.  You resided in Florida on November 23, 2016.

     2.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical

bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than

$25,000.00.

     3.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical

bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than

$50,000.00.

     4.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical

bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than

$75,000.00.

     5.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical

bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than

$100,000.00.

CASE NO. 2017-009470-CA-01

6. The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than $125,000.00.

7. The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills and expenses, future medical bills and/or treatment, and mental pain/suffering is more than $150,000.00.

8. ADMIT that the damages sought in this case do not exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Benson Chiedozie Okafor, Esquire, bensonchi@aol.com; on this 24th day of May, 2017.

> */s/ Jason A. Glusman*
> Jason A. Glusman, Esquire
> Florida Bar No. 0419400
> Todd C. Barron, Esquire
> Florida Bar No. 84011
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> Attorneys for Old Navy, LLC
> 515 E. Las Olas Boulevard
> SunTrust Center, Suite 1400
> Ft. Lauderdale, FL 33301
> Phone: (954) 847-4800
> Fax: (954) 760-9353
> ftlcrtpleadings@wickersmith.com

Filing # 58178568 E-Filed 06/23/2017 12:36:15 PM

IN THE  CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION
CASE NO: 2017-009470-CA-01

CYNTHIA LINDER.,
   Plaintiff,
vs.

OLD NAVY, LLC.,
   Defendant,

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION

Pursuant to Fla. R. Civ. P., Rule 1.330, the Plaintiff, CYNTHIA LINDER, hereby responds to
Defendant's (OLD NAVY, LLC.) request for admission.

1. You resided in Florida on November 23, 2016

Admitted.

2.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills
and expenses, future medical bills/or treatment, and mental pain/suffering is more than
$25,00.00.

Admitted.

3. The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills
and expenses, future medical bills/or treatment, and mental pain/suffering is more than
$50,00.00.

Admitted.

4.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills
and expenses, future medical bills/or treatment, and mental pain/suffering is more than
$75,00.00.

Admitted.

5.  The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills
and expenses, future medical bills/or treatment, and mental pain/suffering is more than
$100,00.00.

Admitted.

6. The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills and expenses, future medical bills/or treatment, and mental pain/suffering is more than $125,00.00.

Admitted.

7. The total damages you seek in this case, including, *inter alia*, lost wages, past medical bills and expenses, future medical bills/or treatment, and mental pain/suffering is more than $150,00.00.

Denied.

8. Admit that the damages sought in this case do not exceed the sum of Seventy-Five Thousand Dollars ($75,000.00).

Denied.

**I HEREBY CERTIFY** that a copy of this Plaintiff's response has been furnished to Attorney Jason A. Glusman electronically via the ePortal at: ftlcrtpleadings@wickersmith.com on this 23rd. day of June, 2017.

> **BENSON CHIEDOZIE OKAFOR, P.A.**
> 8950 S.W. 74th. Court, Suite 2201/A-82
> Miami, Florida 33156
> (786) 3630115; (305) 338-1076/ Fax: (786) 592-1189
> E-mail: bensochi@aol.com
>
>
> By    /S/ *Benson Chiedozie Okafor*
>       Benson Chiedozie Okafor, Esq.
>       Florida Bar Number:96084